UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___10/15/2020___
```

MICHAEL ORLANDO, *and the other
stockholders of Fit Pay, Inc., with Michael
Orlando as Shareholder Representative*,

                              Plaintiffs,

                   -against-

NXT-ID INC., CROWDOUT CAPITAL,
LLC, and GARMIN INTERNATIONAL,
INC.,

                              Defendants.

1:20-cv-1604 (MKV)

ORDER SETTING BRIEFING
AND GRANTING REQUEST
TO STAY DISCOVERY

MARY KAY VYSKOCIL, United States District Judge:

        The Court is in receipt of letters from Defendant Nxt-ID, Inc. and Plaintiffs regarding the

contemplated motion for summary judgment of Nxt-ID [ECF #93, 97, 98].  After reviewing the

arguments in the parties' pre-motion submissions, the Court finds that a pre-motion conference is

not necessary.  Accordingly, IT IS HEREBY ORDERED that, by October 30, 2020, Nxt-ID shall

file its motion for summary judgment.  Further briefing shall be submitted on the schedule set

forth in Local Rule 6.1(b).

        The Court is also in receipt of the renewed request of Nxt-ID to stay discovery pending

the resolution of the dispositive motions in this case [ECF #85].  Defendants Garmin

International, Inc. ("Garmin") and CrowdOut Capital, LLC ("CrowdOut") consent.  Plaintiffs

oppose the request to stay discovery [ECF #86].

        At the Initial Pretrial Conference, on July 23, 2020, the Court denied without prejudice

the request of Nxt-ID to stay discovery pending resolution of the motions to dismiss of Garmin

and CrowdOut.  At that time, Nxt-ID had not filed a dispositive motion and had filed a

counterclaim complaint.  Thus, it clearly made sense for all parties to proceed with discovery that

1

would inevitably overlap.  At this point, however, there is a dispositive motion with respect to every claim and counterclaim.

Under Federal Rule of Civil Procedure 26(c), a court has discretion to stay discovery "for good cause."  Fed. R. Civ. P. 26(c).  Although the Court will reserve judgment until it rules on the fully briefed motions, the Court finds that good cause to stay discovery exists because the resolution of those motions is likely to "significantly narrow, if not eliminate, the issues" in the case.  *Rivera v. Heyman*, 96-cv-4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997).  The Court is not "automatically stay[ing]" discovery merely because dispositive motions have been filed.  *New York by James v. Pennsylvania Higher Educ. Assistance Agency*, 19-cv-9155, 2020 WL 605944, at *1 (S.D.N.Y. Feb. 7, 2020).  Rather, the Court has considered (1) the "showing" that Plaintiffs' claims are "unmeritorious," (2) "the breadth of discovery and the burden of responding to it," and (3) "the risk of unfair prejudice to the party opposing the stay." *Guiffre v. Maxwell*, 15-cv-7433, 2016 WL 254932, at *1 (S.D.N.Y. Jan. 20, 2016).  These factors counsel in favor of granting the stay.

First, although the Court takes no position on how it will rule on any motion, Defendants have raised several arguments that "are well-founded in the law."  *New York by James*, 2020 WL 605944, at *2.  For example, Garmin argues that Plaintiffs' unjust enrichment claim is precluded by the existence of the Merger Agreement [ECF #47 at 19].  *See Mina Inv. Holdings Ltd. v. Lefkowitz*, 16 F. Supp. 2d 355, 361 (S.D.N.Y. 1998) (explaining that the existence of a valid and enforceable contract relating to the same subject matter precludes an unjust enrichment claim regardless of "whether the contract is one between parties to the lawsuit, or where one party to the lawsuit is not a party to the contract").  Garmin might not prevail on this argument, but it is not "frivolous." *New York by James*, 2020 WL 605944, at *2.  The other defendants similarly

2

raise potentially meritorious arguments that could "significantly narrow" the scope of discovery. *Rivera*, 1997 WL 86394, at *1.

With respect to the second factor, the "breadth of discovery and the burden of responding to it," *Guiffre*, 2016 WL 254932, at *1, Nxt-ID argues that Plaintiffs seek "extensive discovery that is irrelevant and overbroad" [ECF #85 at 3]. Plaintiffs deny that their "numerous" requests are "prima facie evidence of overzealous[ness]" [ECF #86 at 2]. Plaintiffs also argue that the Court should deny the request to stay discovery because they have already served their many, outstanding requests. *See Hachette Distribution, Inc. v. Hudson County News Co., Inc.*, 136 F.R.D. 356, 359 (E.D.N.Y. 1991) (denying request to stay where there were "outstanding requests" and the lawsuit was being "actively litigated"). Based on the parties' letters, it appears that Plaintiffs seek extensive discovery, irrespective of whether their numerous requests are also "irrelevant and overbroad" [ECF #86 at 3]. Thus, the Court finds that the "breadth" of discovery, and attendant burden of responding to it, weighs in favor of granting the stay. *Guiffre*, 2016 WL 254932, at *1.

Finally, the Court finds that "risk of unfair prejudice" to Plaintiffs is not so significant as to outweigh the other factors. *Id*. Accordingly, the request to stay discovery is GRANTED.

The Clerk of Court is respectfully directed to terminate the motions pending at docket entries 85 and 93.

**SO ORDERED.**

Date:  **October 15, 2020**
           **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**